IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Avlon Industries, Inc., | ) | C/A No.3:11-cv-2856-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER GRANTING** |
| | ) | **PERMANENT INJUNCTION** |
| | ) | |
| Kim Enterprises d/b/a Kim Enterprises Beauty Supply d/b/a Kim Enterprises Beauty Supplies, Chin Kim, Tok Chin Kim, Patricia Kim, and Does 1 - 5, | ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's Motion for Summary Judgment against Defendant Patricia Kim and Plaintiff's Motion for Entry of Default Judgment against Defendants Chin Kim, Tok Chin Kim, and Kim Enterprises doing business as Kim Enterprises Beauty Supply and Kim Enterprises Beauty Supplies (ECF No. 29). As set forth below, the court hereby grants that motion in part and issues a permanent injunction.

Plaintiff filed its complaint in this case on October 20, 2011. Patricia Kim responded by letter to Plaintiff's counsel and admitted the allegations in the complaint. The court construed the letter as the answer of Defendant Patricia Kim. The remaining Defendants failed to answer, and upon request by the Plaintiff, the clerk of this court entered default as to those defendants. Plaintiff next filed a Motion for Summary Judgment against Defendant Patricia Kim and a Motion for Entry of Default Judgment

1

against Defendants Chin Kim, Tok Chin Kim, and Kim Enterprises doing business as both Kim Enterprises Beauty Supply and Kim Enterprises Beauty Supplies.  Because the Plaintiff filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the court advised Defendant Patricia Kim—the only Defendant who appeared—in a Roseboro order of the importance of her adequate response to the motion for summary judgment, but Defendant Patricia Kim has failed to respond in the time allotted.  Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Based on Defendant Patricia Kim's failure to respond to the Roseboro order, the default of the remaining Defendants, and the information provided to this court by the Plaintiff, the court finds that summary judgment and default judgment are appropriate. The court hereby grants summary judgment in favor of Plaintiff as to Defendant Patricia Kim and Default Judgment in favor of Plaintiff as to the remaining Defendants.  The Plaintiff informs the court that the only monetary award it seeks is an award of attorney's fees and costs.  As noted below, the court will address that issue once it receives notice of Defendants' compliance with terms of this injunction.  Accordingly, the court hereby issues a permanent injunction as set forth below.

## PERMANENT INJUNCTION

The matter of the permanent injunction comes before the Court on Plaintiff's Motion for a Permanent Injunction prohibiting Defendants from infringing any of the Avlon Marks, including but not necessarily limited to, the marks appearing in the '804 registration; the '128 registration; the '884 registration; and the '923 registration; or any mark confusingly similar thereto.

Plaintiff has demonstrated 1) it has suffered an irreparable injury; 2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) the public interest would not be disserved by a permanent injunction. Mary Kay Inc. v. Ayres, --- F.Supp.2d ----, 2011 WL 5082141 (D.S.C., 2011) (*citing* eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006).

ACCORDINGLY IT IS HEREBY ORDERED That each of the Named Defendants, *i.e.*, Kim Enterprises, Tok Chin Kim, Chin Kim and Patricia Kim, jointly and severally, together with their agents, servants, employees, representatives, subsidiaries, successors, and assigns, and all those persons acting in concert or participation with them, shall be and hereby are PERMANENTLY ENJOINED and restrained from:

a. imitating, copying, or making any other infringing use or infringing distribution of hair care products or items protected by any of the Avlon Marks, including but not necessarily limited to, the marks appearing in the '804 registration; the '128 registration; the '884 registration; and the '923 registration; or any mark confusingly similar thereto;;

b. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any hair care or salon product item or thing bearing any simulation, reproduction counterfeit, copy, or colorable imitation of any Avlon product bearing any of the Avlon Marks, including

3

but not necessarily limited to, the marks appearing in the '804 registration; the '128 registration; the '884 registration; and the '923 registration; or any mark confusingly similar thereto;

c.     using any simulation, reproduction, counterfeit, copy or colorable imitation of any of any of the Avlon Marks, including but not necessarily limited to, the marks appearing in the '804 registration; the '128 registration; the '884 registration; and the '923 registration; or any mark confusingly similar thereto, in connection with the manufacture, distribution, offering for distribution, sale, offering for sale, advertisement, promotion, or display of any hair care or salon product, item or thing not authorized or licensed by Avlon;

d.     using any false designation of origin or false description which can or is likely to lead the trade, or public or individuals erroneously to believe that any hair care or salon product, item or thing has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Avlon, when such is not true in fact;

e.     engaging in any other activity constituting an infringement of any of any of the Avlon Marks, including but not necessarily limited to, the marks appearing in the '804 registration; the '128 registration; the '884 registration; and the '923 registration; or any mark confusingly similar thereto, or of Avlon's rights in, or rights to use or to exploit Avlon's

4

trademarks, or constituting any dilution of Avlon's name, reputation, or goodwill; and

f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs a. – e. above.

*Surrender and Destruction Order*

IT IS FURTHER ORDERED, pursuant to 15 U.S.C. §1118, that each of the Named Defendants, *i.e.*, Kim Enterprises, Tok Chin Kim, Chin Kim and Patricia Kim, jointly and severally, together with their agents, servants, employees, representatives, subsidiaries, successors, and assigns, and all those persons acting in concert or participation with them, deliver to Plaintiff for destruction or such other disposition as Plaintiff shall in its sole discretion deem fit, no later than 30 days after service of this ORDER, all products, labels, signs, prints, packages, wrappers, receptacles, and/or advertisements in their possession or control bearing any of the Avlon Marks, including but not necessarily limited to, the marks appearing in the '804 registration; the '128 registration; the '884 registration; and the '923 registration; or any mark confusingly similar thereto.

*Compliance Report*

IT IS FURTHER ORDERED, pursuant to 15 U.S.C. §1116(a), that each of the Named Defendants, *i.e.*, Kim Enterprises, Tok Chin Kim, Chin Kim and Patricia Kim, jointly and severally, together with their agents, servants, employees, representatives, subsidiaries, successors, and assigns, and all those persons acting in concert or participation with them, file with the Court, no later than 30 days after entry and service

of this ORDER, a report in writing and under oath, setting forth in detail the manner and form in which they have complied with the terms of this ORDER.

Defendants are hereby notified that the failure to abide by the terms of this Permanent Injunction may result in the imposition of severe penalties including but not necessarily limited to, the assessment of sanctions for civil contempt and the issuance of an *ex parte* seizure order authorizing United States Marshalls to enforce the terms set forth herein.

## CONCLUSION

Plaintiff's Motion for Summary Judgment and for Entry of Default Judgment also seeks an award of attorney's fees and costs pursuant to the Lanham Act. 15 U.S.C. § 1117(a) (2006). Upon receipt of notice of Defendants' compliance with this injunction, the court will address the issue of attorney's fees and costs.

IT IS SO ORDERED.

March 13, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge